```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

**JERRY RAY MAYNARD,**

    **Movant,**

v.                                          **Case No. 2:05-cr-00181**
                                                      **Case No. 2:06-cv-00954**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence, filed pursuant to 28 U.S.C. § 2255, on November 9, 2006 (docket # 52).[1]  It was referred to this Magistrate Judge by Standing Order.

Movant, Jerry Ray Maynard (hereinafter referred to as "Defendant"), is serving a 48 month period of imprisonment, to be followed by a three year term of supervised release, upon his guilty plea to engaging in a conspiracy to manufacture cocaine base, in violation of 21 U.S.C. § 846.  The presiding district judge also imposed a special assessment of $100.00, and waived imposition of a fine.  (Judgment in a Criminal Case, entered August 7, 2006, # 42.)  Defendant was continued on his bond and directed

---

[1] The undersigned notes that the § 2255 motion appears to be in the handwriting of Harvey Short, a litigious inmate at the same jail where Defendant was held.  The court is confident that Defendant signed his own name to the motion.

to self-report to serve his prison term. However, within a short period of time, a urine screen indicated that he had used controlled substances (Petition, # 45). His bond was revoked (# 50), and he was remanded to the United States Marshal for designation and transportation to prison. Defendant did not take a direct appeal.

In his § 2255 Motion, Defendant makes the following claims for relief:

A. Ground one: The plea agreement entered between the Petitioner and the Assistant United States Attorney was breached.

B. Ground two: The forty-eight months prison term is an illegal sentence due to the fact that the Petitioner was granted immunity from prosecution.

C. Ground three: The Petitioner was denied effective assistance of counsel when counsel failed to object to the prosecution and sentencing of the Petitioner.

D. Ground four: The Petitioner's guilty plea was involuntarily entered.

E. Ground five: The United States Attorney, Charles Miller, and his Assistant United States Attorneys for the South[ern] District of West Virginia along with federal law enforcement agents breached all immunity contracts or agreements made with the Petitioner Jerry Maynard.

(# 52, at 4-12.)

The undersigned directed the United States to file a response (Order entered December 11, 2006, # 61), which was filed on January 12, 2007 (# 65).

Background

The transcript of the guilty plea hearing reveals that

2

Defendant associated with others who were obtaining cocaine powder in Huntington, West Virginia, transporting it to Lincoln and Logan Counties, "cooking it" into cocaine base, and distributing the crack cocaine.  Defendant's role was to participate in the transporting and the cooking process, for which services Defendant received quantities of crack cocaine for his use.

Defendant was indicted on September 7, 2005, charged with engaging in a conspiracy to manufacture and distribute cocaine base, in violation of 21 U.S.C. § 846 (# 1).  A guilty plea hearing was conducted on March 20, 2006, but the presiding District Judge, the Hon. John T. Copenhaver, Jr., did not accept Defendant's factual basis for his plea (# 20).

On May 12, 2006, the United States filed an information, charging Defendant with engaging in a conspiracy to manufacture cocaine base (# 29).  On May 15, 2006, Defendant entered a guilty plea to the information, and provided a satisfactory factual basis for the plea (## 30, 35).  The plea agreement contained a "stipulation of facts," which states: "The United States and Mr. Maynard stipulate and agree that the defendant's involvement in the conspiracy with which he is charged involved at least 5 grams but less than 20 grams of cocaine base, also known as crack." (# 34, at 2.)

The presentence investigation report adopted that drug quantity, yielding a Base Offense Level of 26.  U.S.S.G. §

3

2D1.1(a)(3)(c)(7).

At sentencing, Defendant received a two level reduction for role in the offense, and a three level reduction for acceptance of responsibility, resulting in a Total Offense Level of 21. With a Criminal History Category of III, Defendant faced an advisory guideline range of 46-57 months. Judge Copenhaver imposed a sentence of 48 months (# 42).

<u>Ground one - Alleged breach of plea agreement</u>

The "facts" in support of Defendant's first ground for relief are stated as follows:

> In 2005, FBI Agent Matthew Hoke, Sgt. A. Perdue, and ATF Agent R. Cunningham, who were working with the United States Attorney's Office, promised the Petitioner complete and absolute immunity provided that the Petitioner provides information, cooperation, and assistance in investigating voting buying and cocaine conspiracies. As a result of this offer and promise, the Petitioner accepted this agreement and cooperated and provided information about criminal activity. However, the above law enforcement officers and all the assistant United States Attorneys and Charles Miller, U.S. Attorney, breached his agreement and prosecuted the Petitioner any way. The Petitioner was forced to plea[d] guilty and received a 48 months prison term. When the Petitioner cooperated and provided information, he provided information which incriminated himself and had no choice but to plea[d] guilty. The information provided by the Petitioner le[]d to indictments and convictions against other criminals.

(# 52, at 5.)

The government's Response denies that Defendant was "granted or promised immunity or promised leniency of any type." (# 65, at 4.) In support of this assertion, the United States has filed

affidavits of Special Agents Hoke and Cunningham, Trooper Perdue, and Assistant U.S. Attorneys ("AUSA") Karen L. Bleattler and R. Gregory McVey, all of whom unequivocally deny that any promises of immunity or leniency or the filing of a motion for substantial assistance were ever made to Defendant. The affidavits of the AUSAs also state that Defendant did not cooperate with law enforcement against his co-conspirators (Defendant pled guilty after his co-conspirators were sentenced), although he did testify before a grand jury concerning criminal activity in Lincoln County more than one year *before* he was indicted for his cocaine activities. Defendant did not file a reply to the government's Response.

The court has reviewed the transcript of Defendant's guilty plea hearing on May 15, 2006 (# 63). The transcript indicates that Defendant gave sworn answers to numerous questions by Judge Copenhaver, and denied that he had been promised leniency, or forced to enter his plea, or made any promises other than those set forth explicitly in the plea agreement. The plea agreement contains no promise of leniency or immunity other than the usual provision relating to use immunity.

The court proposes that the presiding District Judge **FIND** that Defendant's first ground for relief that the government breached his plea agreement and that he was promised "complete and absolute immunity," is meritless.

5

<u>Ground two - Alleged illegal sentence</u>

Defendant's second ground for relief is that his sentence is illegal because he was granted immunity from prosecution. (# 52, at 6.) In support of this claim, Defendant has provided "facts," which are identical to the "facts" in support of his first ground for relief. For the reasons set forth as to the first ground for relief, the undersigned proposes that the presiding District Judge **FIND** that Defendant's second ground for relief is without merit.

<u>Ground three - Alleged denial of effective assistance of counsel</u>

Defendant asserts that his attorney failed to object to his prosecution and sentencing. (# 52, at 8.) The "facts" in support read:

> The Petitioner's defense counsel, Benjamin Bryant, failed to object or file a motion to dismiss the charges filed against the Petitioner. Mr. Bryant was aware of the fact that the Petitioner was promised complete and absolute immunity. That the Petitioner had performed his part of the agreement which le[]d to indictments and convictions against other criminals. However, Mr. Bryant failed to object to the prosecution, knowing that the United States Attorney's Office lawyers had granted the Petitioner immunity from prosecution. As a result, the Petitioner states that he was denied effective assistance of counsel.

<u>Id.</u>, at 9.

The United States has established that Defendant was not promised immunity from prosecution, and Defendant has filed nothing to refute their sworn statements. Accordingly, it is apparent that Defendant was not denied effective assistance of counsel in this respect.

The undersigned proposes that the presiding District Judge **FIND** that Defendant was not denied effective assistance of counsel in this respect, and that Defendant's third ground for relief lacks merit.

### Ground four: Voluntariness of guilty plea

Defendant repeats that he "was promised immunity. He provided incriminating information against himself. However, he was forced to plea[d] guilty because he had confessed guilt while cooperating with the federal agents and the United States Attorney's Office prosecutors." (# 52, at 12.)

As there is no evidence to support the truth of Defendant's assertions, and in light of the extensive questioning during the plea hearings to establish the voluntariness of Defendant's plea (# 63), the court proposes that the District Court **FIND** that Defendant's fourth ground for relief is meritless.

### Ground five: Alleged breach of immunity agreement

Defendant's "facts" read as follows:

> The United States Attorney's Office and its prosecutors along with federal agents breached immunity contracts and agreements with the Petitioner. The Petitioner performed his obligations under the agreements. The Petitioner cites U.S. v. Carter, 454 F.2d 426 (4th Cir. 1972); Mobley v. Meek, 531 F.2d 924, 926 (8th Cir. 1976); and Shotwell Mfg. Co. v. U.S., 371 U.S. 341, 347 83 S. Ct. 448, 453, 9 L. Ed.2d 357 (1963).

(# 52, at 10.)

It appears to the court that this ground for relief is repetitive of the other grounds for relief. For the reasons set

forth as to the first ground for relief, the undersigned proposes that the presiding District Judge **FIND** that Defendant's fifth ground for relief is without merit.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the District Court deny Movant's Motion filed pursuant to 28 U.S.C. § 2255.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S.

140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

   The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Jerry Ray Maynard, and to counsel of record.


   May 14, 2007     
      Date

*/s/ Mary E. Stanley*  
Mary E. Stanley  
United States Magistrate Judge